IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRETT STRANGE,

    Plaintiff,

v.

MEGAN J. BRENNAN,
Postmaster General, United States
Postal Service,

    Defendant.

Case No. 3:15-cv-377

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFF BRETT STRANGE'S MOTION FOR RECONSIDERATION OF COURT'S JULY 19, 2017, ENTRY (DOC. #32); PLAINTIFF'S CLAIM FOUR WILL STILL PROCEED ONLY AS AN ALLEGED DISCRETE ACT OF DISCRIMINATION

---

Plaintiff Brett Strange ("Plaintiff" or "Strange") alleges that he was subject to a hostile work environment and five discrete acts of race-based discrimination, between June, 2012, and April, 2013, while he was employed by the United States Postal Service ("USPS"). He claims that these actions were effected by employees of Megan J. Brennan, Postmaster General of the United States ("Defendant"), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Defendant moved to dismiss Plaintiff's Complaint, Doc. #8, and on September 12, 2016, this Court sustained Defendant's motion as to Claim One, and converted the remainder to a motion for summary judgment. Doc. #14. In so ruling, the Court gave the parties ninety days in which to conduct limited discovery on the issue of whether Plaintiff's claims were barred by the statute of limitations. *Id.* After conducting said discovery, the

parties cross-moved for summary judgment, Doc. #17, #21, and on July 19, 2017, the Court overruled Plaintiff's motion in its entirety, overruled Defendant's motion as to Claim Four as a discrete act, and sustained Defendant's motion as to Claims Two, Three and Five as discrete acts, and as to Plaintiff's claim of hostile work environment. Doc. #31. Plaintiff has filed a Motion for Reconsideration of the entirety of the Court's July 19, 2017, Entry ("Motion"). Doc. #32. For the reasons set forth below, Plaintiff's Motion is OVERRULED.

I. **LEGAL STANDARD AND ANALYSIS**

The Court may, upon motion and good cause shown, modify, reopen or rescind interlocutory orders. While the Court has wide discretion to reconsider its orders, it usually does so only under one or more of the following circumstances: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, No. 02-5601, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). Plaintiff does not claim that there has been a change in the well-settled law that controls in his case. Further, in his Motion, Plaintiff raises arguments and cites to portions of the depositions of his former supervisors, Andrew Glancy ("Glancy") and Cheryl Kellner ("Kellner"), which were not previously raised or cited. *See, e.g.*, Doc. #32, PAGEID #1151 (arguing that that Glancy and Kellner had a phone conversation call with Plaintiff regarding the subject matter of Claim Five, and that Glancy admitted to discussing with Kellner the issuance of the Letter of Warning that gave rise to Claim Four). Plaintiff had three previous opportunities to raise these arguments—in his opening and reply memoranda in support

2

of his motion for summary judgment, and in his memorandum in opposition to Defendant's cross-motion. Doc. #17, 23, 25. A motion for reconsideration is not a proper vehicle for Plaintiff to obtain a fourth bite at the apple. Moreover, Plaintiff does not claim that the cited portions of Glancy and Kellner's depositions were not available to him at the time he filed his previous briefing. Nor could he reasonably do so, as Defendant attached excerpts of both depositions to her motion for summary judgment. Doc. #21-3, 21-4. Thus, the first two circumstances cited above provide no reason for the Court to modify its entry.

As to the third circumstance, Plaintiff argues that the Court's dismissal of his hostile work environment claim was based on the fact that, at the time the Letter of Warning was issued, Glancy was not in Plaintiff's line of supervision and was not involved with the Letter's issuance. Doc. #32, PAGEID #1153-54 (citing Doc. #31, PAGEID #1144). He notes that Kellner, likewise, was not in Plaintiff's chain of command at the time she issued the Letter of Warning. *Id.*, PAGEID #1153; *see also* Doc. #34-1, PAGEID #1169-70 (Kellner's testimony that Plaintiff was transferred out of her chain of command no later than November 1, 2012). Further, he discusses Glancy's testimony regarding having received the Letter of Warning, and discussing it with Kellner, prior to Kellner issuing the Letter of Warning to Plaintiff. *Id.*, PAGEID #1151, 1154; *see also* Doc. #34-2, PAGEID #1192-93 (Glancy testifying that he received a disciplinary request from Kellner, and a copy of the Letter of Warning, prior to Kellner issuing the Letter to Plaintiff). Thus, Plaintiff claims, Glancy was part of the decision to issue the Letter of Warning, Claim Four, which was supposedly the culmination of Glancy's discriminatory conduct against him—including the conduct described in Claims Two, Three and Five.

3

Consequently, Plaintiff argues, his hostile work environment claim is not time-barred. *Id.*, PAGEID #1152-53.

For two reasons, Plaintiff has failed to meet his heavy burden as to the third circumstance. First, he fails to attach the portions of Glancy and Kellner's depositions that were not previously before the Court, although Defendant does attach some of those excerpts to her memorandum in opposition. Doc. #34-1, 34-2. Second, this new evidence does not provide any reason to change the Court's previous conclusion as to his hostile work environment claim. Kellner testified that even after Plaintiff was transferred out of her chain of command, she would still have telephone conversations with him about work that he needed to complete from his time at the Miamisburg, Ohio, Post Office ("Miamisburg Branch"). Doc. #34-1, PAGEID #1170. As discussed in the Court's July 19, 2017, Entry, one of those "clean up" tasks from his time at the Miamisburg Branch—and thus, under Kellner's supervision—was "to input the grievance settlements into the Grievance Arbitration Tracking System ('GATS')." Doc. #31, PAGEID #1137. It was Plaintiff's alleged failure to do so that led Kellner first to make the disciplinary request, and then to issue the Letter of Warning. *Id.*, PAGEID #1138. Plaintiff has not cited to any evidence of record that Glancy was aware of, much less involved with, Kellner's decision to initiate the disciplinary process against Plaintiff.

Moreover, whether Glancy received the Letter of Warning prior to its issuance is immaterial, as the parties do not dispute that the Letter had been prepared at Kellner's direction for Kellner's signature. Doc. #23-2, PAGEID #742. Finally, the question of whether Glancy indicated that he concurred with the Letter of Warning prior to its issuance is immaterial to the Court's adjudication of the statute of limitations question.

4

Plaintiff does not cite to, and the Court is not aware of, any evidence of record indicating that Kellner was required to obtain Glancy's approval prior to issuing the Letter; nor does he cite to evidence of record indicating that Kellner relied on Glancy's concurrence in deciding to issue the Letter.

In sum, Plaintiff's Motion does not lead the Court to conclude that its decision that Claim Four could not be part of a hostile work environment claim—and thus, any such claim is time-barred—was clearly erroneous. Accordingly, the Court will not disturb its July 19, 2017, Decision and Entry.

## II.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration, Doc. #32, is OVERRULED. Plaintiff's claim of hostile work environment, and Claims Two, Three and Five as discrete discriminatory acts, remain dismissed with prejudice. Plaintiff's Claim Four may proceed to further discovery only as a discrete discriminatory action undertaken by Kellner.

Date: October 19, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE