# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| BRETT H. STRANGE, | Civil Case No. 3: 15-CV-00377 |
| Plaintiff, | |
| v. | District Judge Walter H. Rice |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

## AGREED PROTECTIVE ORDER

It is hereby ORDERED, pursuant to 5 U.S.C. § 552(a)(b) (11) and Federal Rules of Civil Procedure 26(c), 5.2(a), and (e)(1), (2) that:

1. This Protective Order shall govern the production and disclosure of any documents, electronically stored information, materials, things, discovery material (including responses to interrogatories, depositions, and requests to admit), materials filed with the Court, or testimony in this action.

2. The United States and Plaintiff are entitled to assert other objections and privileges to those documents or to withhold any document or information based on applicable law, and make required redactions.

3. This order is entered for the purpose of protecting against the unauthorized disclosure of disciplinary and/or termination files and Equal Employment Opportunity Commission Files (EEOC) and files of persons employed or formerly employed by the United States Postal Service, including but not limited to medical or health care information, or information covered by the Privacy Act, 5 U.S.C. § 522a, and of taxpayer information protected

by 26 U.S.C. § 6103. Additionally, discovery in this case may include the exchange of non-public information that is or contains proprietary, confidential information, or is related to the personal affairs of an individual, or otherwise contains sensitive information that is entitled to protection from disclosure under applicable law, and is entitled to confidential treatment pursuant to Rule 26 of the Federal Rules of Civil Procedure. The parties have agreed to be bound by the terms of this Protective Order, which is intended to govern the exchange of confidential information between the parties in this case.

4. This order permits the disclosure, in the course of this action, of records contained within a system of records, as described by the Privacy Act, 5 U.S.C. § 522a, of records protected under the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191 (HIPAA), and records containing taxpayer return or return information protected under 26 U.S.C. § 6103, reasonably necessary or useful to respond to discovery or to defend this action. The order does not otherwise affect any objections to discovery made pursuant to the Federal Rules of Civil Procedure.

5. Information subject to this order shall be disclosed by Plaintiff and/or his counsel only, and Defendant United States and/or his counsel only, to their potential witnesses, whether lay or expert, and only through their attorneys. Plaintiff and/or his counsel and Defendant and/or his counsel shall not disclose any of the records or information to any person unless the disclosure is reasonably and in good faith calculated to aid in the preparation, defense, and/or prosecution of this case. Plaintiff and/or his counsel and Defendant and/or his counsel and their witnesses shall maintain such records in strict confidence, and are prohibited from copying such records or disclosing or discussing their contents, except as is necessary for purposes of this litigation. Any

persons to whom the documents, or information contained in the documents, are disclosed shall be given a copy of this Order and be advised of its terms.

6. All records the United States produces pursuant to this order shall be deemed confidential and proprietary, and the production and use of said records in this civil action shall proceed only in accordance with the following terms:

a. Plaintiff and/or his counsel and Defendant United States and/or its counsel shall challenge the designation of records as subject to this order by motion to the Court, and such motion shall contain a certification that the challenging party has in good faith conferred or attempted to confer with the designating party in an effort to resolve any disagreement about such designation;

b. All documents, including any duplication or copy, save those filed with the Court, shall be returned to the United States' Counsel within sixty (60) days after termination of this litigation. "Termination of this litigation" shall occur upon the entry of a final order of this Court, or the expiration of the time for an appeal of the final order of the District Court by any party, or the entry of the mandate by the Court of Appeals after the disposition of an appeal of the final order of the District Court by any party, or the denial of a petition for writ of certiorari by the Supreme Court, or the disposition of an appeal by the Supreme Court, whichever applies. The receiving parties shall certify that all records and copies thereof have been returned to the disclosing party, or, if the disclosing party agrees, destroyed;

c. Plaintiff and/or his counsel and Defendant United States and/or its counsel shall take all reasonable steps to protect the privacy of individuals who are not parties to this

litigation in any filing with the Court that contain records or summaries of records that are protected by this order; and

d. The parties will move the Court and demonstrate good cause, and be granted leave, before filing any documents under seal.

7. This Protective Order does not constitute a ruling on the question of whether particular records are discoverable, authentic, or admissible, and it shall not be construed as a waiver of any objections which might be raised as to the admissibility of any records or information produced pursuant to this order, or any testimony resulting therefrom, including deposition testimony.

8. Any allegations of abuse or violation of this order may be considered by the Court either for purposes of determining whether it should enter sanctions, including a contempt of court order or sanctions available under Federal Rules of Civil Procedure 26 and 37. If an allegation of abuse or violation of this Order is found, the Court may take disciplinary action upon appropriate parties.

9. In accordance with and in supplementation to Fed. R. Civ. P. 26(b)(5)(B), the parties agree that the inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). After receiving notice from the designating party that documents or information subject to an applicable privilege or immunity have been inadvertently produced, the receiving party shall not review, copy, or disseminate such documents or information, but shall return such documents or information and all copies of such documents or information to the designating party immediately. If the receiving party believes that it has a good-faith basis for challenging the privilege claim, then the parties shall meet and confer in an effort to

resolve the dispute. If the parties cannot resolve their dispute over the inadvertently produced documents or information, then the receiving party shall promptly present the information to the Court under seal for a determination of the claim, in accordance with Fed. R. Civ. P. 26(b)(5)(B).

10. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Protective Order.

11. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of his Court or by the written stipulations of the parties filed with the Court

12. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which information described in paragraphs 3 or 4 of this Protective Order shall be treated at trial.

13. This Protective Order is subject to modification by the Court upon motion of either party.

SO ORDERED this 10th day of april, 2018.

_____
UNITED STATES DISTRICT COURT JUDGE

AGREED TO BY:

BENJAMIN C. GLASSMAN,
UNITED STATES ATTORNEY

*/s/ Brandi M. Stewart*
BRANDI M. STEWART (0082546)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564
E-mail: Brandi.Stewart@usdoj.gov
Attorney for Defendant Megan J. Brennan,
Postmaster General, United States Postal
Service

*/s/ Julius L. Carter*
JULIUS L. CARTER, ESQ.
Julius L. Carter Co., LPA
130 W. Second Street Suite 1622
Dayton, OH 45402
(937) 222-7900
(937) 222-7910 Fax
jcarter@juliuscarter.com
Trial Attorney for Plaintiff